J-S46031-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRENCE SNEAD, | : | |
| | : | |
| Appellant | : | No. 987 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0003643-2008

BEFORE:    BENDER, P.J.E, OTT, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED AUGUST 04, 2016**

Terrence Snead (Appellant) appeals from the March 13, 2015 order

which denied his petition filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.[2]

---

[1] Also before us is Appellant's "motion for stay of appeal and for remand to the lower court," in which he avers that PCRA counsel failed to address all of Appellant's issues in her **Turner/Finley** and that there were additional issues he wished to raise.  On December 23, 2015, this Court denied Appellant's request without prejudice, allowing him to re-apply for the requested relief within his brief.  In his brief, Appellant lists the issues and states that an evidentiary hearing is necessary to determine if counsel's actions were "reasonable."  However, Appellant has failed to address the merits of any of the issues or develop an argument in support of them. Accordingly, we deny this motion.

[2] We note with disapproval that the Commonwealth has not filed a brief in this matter despite having requested and received an extension of time to do so.

*Retired Senior Judge assigned to the Superior Court.

The PCRA court summarized the background underlying this matter as follows.

On November 13, 2009, following a jury trial before [the trial court, Appellant] was found guilty of murder of the first degree (H-1) and criminal conspiracy (F-1). Sentencing was deferred until November 16, 2009, at which time [Appellant] was sentenced to the mandatory term of life imprisonment. [Appellant was also sentenced to a consecutive term of not less than ten years nor more than twenty years of imprisonment for criminal conspiracy]. On November 23, 2009, [Appellant] filed post-sentence motions, which were denied by [the trial court] on March 19, 2010. [Appellant] filed a timely notice of appeal on April 5, 2010. On September 29, 2011, [this Court] affirmed [Appellant's] judgment of sentence, and on March 23, 2012, our Supreme Court denied [Appellant's] petition for allowance of appeal. [**Commonwealth v. Snead**, 34 A.3d 241 (Pa. Super. 2011), appeal denied, 40 A.3d 1236 (Pa. 2012)].

On January 22, 2013, [Appellant] filed a *pro se* petition under the Post-Conviction Relief Act (PCRA). Counsel was appointed and, on September 24, 2014, filed a [**Turner/Finley**[3]] "no merit" letter and motion to withdraw as counsel. On January 29, 2015, [the PCRA court] sent [Appellant] notice of its intent to deny and dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice).

PCRA Court Opinion, 9/9/2015, at 1-2 (citations and footnotes removed).

Appellant *pro se* filed a response to the 907 notice, objecting to the court's intent to dismiss his petition and asserting PCRA counsel's ineffectiveness. On March 13, 2015, the PCRA court dismissed Appellant's

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition and permitted counsel to withdraw. This timely-filed appeal followed.[4]

On appeal, Appellant challenges the PCRA court's decision to permit counsel to withdraw and the court's conclusion that Appellant's issues were without merit.[5] As such, we will address these claims mindful of the following standard. "Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007).

---

[4] Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

[5] We observe that the issues presented and argued within Appellant's brief are different from those raised in his concise statement of errors complained of on appeal, which are different from the issues raised in his *pro se* response to the PCRA court's 907 notice and his *pro se* PCRA petition. Consequently, in accordance with our case law, we will only review those issues which have been properly preserved and argued within his brief. ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) ("[A]ny issues not raised in a Rule 1925(b) statement are waived."). ***See also Commonwealth v. Montalvo***, 641 A.2d 1176, 1184 (Pa. Super. 1994) citing ***Commonwealth v. Rodgers,*** 605 A.2d 1228, 1239 (Pa. Super. 1992) ("[W]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the brief.").

Appellant contends PCRA counsel's *Turner/Finley* letter was insufficient and failed to meet the requirements as set forth by our courts. Specifically, Appellant contends counsel's letter failed to address all issues raised in Appellant's *pro se* petition,[6] did not state with specificity which files and transcripts counsel reviewed, and did not raise additional meritorious issues that were not included in the *pro se* petition, but "were present on the face of the record." Appellant's Brief at 12-15.

The procedural requirements set forth in *Turner/Finley*, govern withdrawal by counsel from representation on PCRA appeals. To withdraw from representation at the PCRA court level,

> counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court … detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

In responding to Appellant's contention that PCRA counsel's *Turner/Finley* letter failed to meet the applicable standards, the PCRA court stated the following:

---

[6] While Appellant failed to state within his brief which issues PCRA counsel neglected to address, he has done so in other filings and the PCRA court has addressed this issue. As such, we will not find waiver.

- 4 -

> In the instant case, PCRA counsel complied with all of the requirements set forth in ***Turner/Finley***. Contrary to [Appellant's] assertion, PCRA counsel's ***Finley*** letter adequately detailed the nature and extent of her review: "Pursuant to [PCRA counsel's] appointment, [PCRA counsel] reviewed the Quarter Sessions' file in Room 206, Criminal Justice Center, [Appellant's] *pro se* PCRA petition, the docket entries and exchanged correspondence with [Appellant]." Throughout the ***Finley*** letter, PCRA counsel makes reference to, and cites to the record. [Appellant] claims that PCRA counsel failed to adequately detail the nature of her review by failing to state which transcripts she reviewed specifically; yet fails to cite to any authority requiring PCRA counsel to detail specifically which transcripts were reviewed. The citations to the trial record in counsel's ***Finley*** letter provide sufficient support for counsel's review of the trial transcripts. PCRA counsel stated that she reviewed the entire Quarter Sessions' file, [Appellant's] *pro se* PCRA petition, and all of the docket entries in this case. PCRA counsel also provided a summary of the facts of this case, and cited applicable case law to explain why [Appellant's] claims lacked merit. Therefore, PCRA counsel did in fact adequately review the record.

PCRA Court Opinion, 9/9/2015, at 15-16.

After a review of counsel's ***Turner/Finley*** letter, we agree with the PCRA court that counsel provided ample detail regarding her review of Appellant's case. Thus, we conclude the PCRA court did not err by concluding that counsel's ***Turner/Finley*** letter was adequate to permit withdrawal on this basis.

Appellant also argues that PCRA counsel's petition was deficient because it failed to address two issues he raised in his *pro se* petition. Specifically, Appellant contends counsel failed to address trial counsel's ineffectiveness for failing to object to misstatements made by the Commonwealth and for failing to object to the trial court's jury instruction on

accomplice testimony. In response, the PCRA court directed Appellant to counsel's **Turner/Finley** letter where she addressed the "misstatements" made by the Commonwealth and detailed the reasoning the issue held no merit.[7]

The PCRA court did concede that counsel failed to address the issue raised in Appellant's *pro se* petition regarding the jury instruction. We note at the outset that accepting PCRA counsel's **Turner/Finley** letter when she failed to address all of Appellant's issues raised in his *pro se* petition was a clear error. **See Wrecks**, 931 A.2d at 721 (providing counsel must, among other requirements, list "the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit … If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw"). In response to its absence, the PCRA court found that the omission was harmless because the issue lacked merit. As such, the PCRA court concluded that Appellant was not prejudiced by its

---

[7] **See** PCRA Court Opinion, 9/9/2015, at 15 (citing **Turner/Finley** Letter, 9/24/2014, at 5 (pages unnumbered) ("Second, [Appellant] claims in paragraphs seven, eight, twelve, twenty-nine, and thirty of his *pro se* PCRA petition that the prosecutor was guilty of misconduct when he made certain arguments to the jury.")). PCRA counsel continued, averring she had analyzed these statements and determined the issue surrounding these statements held no merit. **Id.** at 5-7 (pages unnumbered).

absence. PCRA court opinion, 9/9/2015 at 16.[8] We agree. After reviewing the court's thorough analysis of the issue, we are satisfied with the court's conclusion. Accordingly, there would be no point in remanding for counsel to address this issue. This claim fails.

Lastly, Appellant argues the PCRA court erred in accepting PCRA counsel's no-merit letter, when meritorious issues existed and the court failed to conduct its own independent examination of the record. Appellant's Brief at 12. A review of the record directly contradicts Appellant's assertion. Along with its 907 notice dismissing Appellant's petition, the PCRA court included an opinion setting forth its own analysis and included its own reasoning why the issues lacked merit. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 1/29/2015, at 2-9.[9] The PCRA court also stated within its opinion pursuant to Pa.R.C.P. 1925 that the court "independently reviewed the record and concluded thereafter that [Appellant's] PCRA petition was meritless." PCRA court opinion, 9/9/2015, at 16. We are not persuaded by Appellant's averment that other meritorious

---

[8] In addressing this issue within its opinion, the PCRA court found that the instruction closely mirrored that of the Pennsylvania Standard Suggested Jury Instruction on accomplice testimony and that it favored Appellant "in explaining to the jury that it should consider the accomplice testimony of Jermaine Rippy, who implicated [Appellant in the] crime, with caution." PCRA Court Opinion, 9/9/2015, at 10-11.

[9] Although the PCRA court did not include an analysis of Appellant's issue regarding trial counsel ineffectiveness for failing to object to the trial court's jury instruction within its 907 notice, the court did thoroughly address this issue within its 1925 opinion.

issues existed when Appellant has only listed issues he contends could have been raised, but fails to provide any meaningful arguments to support their merit. We find the PCRA court adequately examined the record and did not wholesale adopt counsel's **Turner/Finley** letter. No relief is due.

Accordingly, we find that the PCRA court properly dismissed Appellant's petition, and as such, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/4/2016